**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TW, | No. 09-35298 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00371-LRS |
| v. | |
| SPOKANE COUNTY; OZZIE D. KNEZOVICH, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Argued and Submitted February 4, 2010
Seattle, Washington

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK, [**]
Chief District Judge.

On February 4, 2010, this case was argued and submitted for decision.  The

State of Washington has now enacted legislation repealing the statutory provision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

requiring in-person quarterly reporting by level II and III sex offenders with fixed residences, Rev. Code Wash. § 9A.44.130(7). *See* 2010 Wash. Sess. Laws ch. 265 (effective June 10, 2010). As a result, T.W. is no longer required to report in person.

By order filed April 5, 2010, we asked the parties to brief whether the instant appeal is moot in light of the repeal of the challenged provision. Having reviewed the parties' submissions, we now vacate the district court's judgment and remand with instructions to dismiss the case as moot.

"A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 1997) (citation and internal quotation marks omitted). "As a general rule, if a challenged law is repealed or expires, the case becomes moot." *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994). T.W. concedes that the statute has been repealed but raises several arguments as to why this appeal is not moot.

When T.W. filed his supplemental brief on April 20, 2010, he argued that his claims for injunctive and declaratory relief were not presently moot because the

statute remained in effect until June 10, 2010. Because the relevant portion of the statute has since been repealed, that claim is now moot.

T.W.'s next argument is that repeal of the statute does not moot his separate allegation of deprivation of rights based upon the threat of arrest and prosecution for failure to comply with the in-person reporting law. He argues that even after the repeal, the state may arrest and prosecute him for any past violations. T.W. and the County, however, have stipulated that T.W. has always complied with the in-person reporting requirement.

T.W.'s final argument is that his challenge is not moot because he retains live claims for nominal damages, attorney's fees, and costs. The repeal of a challenged law does not moot a claim for damages by a plaintiff alleging a past violation of his rights. *Outdoor Media*, 506 F.3d at 902. However, T.W. did not request damages in this case. Although T.W. asked for injunctive and declaratory relief, "reasonable costs and attorney fees," and "for such further legal and equitable relief as to the court appears just," he did not attempt to state a cause of action for damages based on any past deprivation of his constitutional rights. The request for costs and attorney's fees is not sufficient to keep the case alive. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 608 (2001). The Supreme Court has warned against reading a claim

3

for damages into a catchall prayer for relief in order to avoid a finding of mootness, which is exactly what T.W. seeks to do here. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997).

We therefore vacate the district court's judgment and remand with instructions to dismiss the case as moot. *See Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 878-80 (9th Cir. 2006).

**VACATED AND REMANDED.**

4

***T.W. v. Spokane County*, Case No. 09-35298**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.